HORVATH ET AL. *v.* TOWN OF HIGHLAND.

[No. 15,324. Filed December 14, 1934.]

*Roe & Petersen, Louis J. Simbalmos, Fenton Steers, Beasley & Klee,* and *James C. Jay,* for appellants.

*William E. Hart, Galvin, Galvin & Leeney,* for appellee.

CURTIS, J.—This was an application for compensation, filed by Mary Horvath on her own behalf as the dependent widow of Louis Horvath, deceased, and also by Mary Horvath as natural guardian and next friend of Louis Horvath, a minor child of said deceased, against the appellee, the Town of Highland, a municipal corporation of Indiana. Said claim for compensation grew out of the death of the said Louis Horvath who, as alleged in said application, died on the 14th day of September, 1933, by reason of an alleged accident arising out of and in the course of his employment by said defendant while said deceased was engaged in laying water pipes and mains and connecting and joining the same together in the said town.

Said application further alleged that the deceased Louis Horvath met his death by reason of a ruptured blood vessel caused by lifting heavy water mains he

was laying and joining together as aforesaid; and that as the result of said injury deceased died at about the hour of 10:30 P. M. on the 14th day of September, 1933, being approximately one hour and one-half after receiving said injury.

On the hearing of said application it was ascertained that the claimant, Louis Horvath, was 18 years of age, whereupon the claim for and on his behalf as such minor child was not further prosecuted.

The single member of the Industrial Board found that said Louis Horvath died on the 14th day of September, 1933, as the result of a disability suffered by him while engaged in performing certain duties for the said town and further found that said death was not the result of an accidental injury suffered as the result of an accident arising out of and in the course of his employment and that the plaintiff should take nothing by her application and should pay the costs of said proceeding, whereupon appellant Mary Horvath prayed for a review by the full Industrial Board. On review, the full Industrial Board made a finding and award that the appellant take nothing by her application and should pay the costs. It is from this finding and award of the full board that this appeal was taken, one of the errors assigned being that the award of the full Industrial Board is contrary to law. This assignment raises all questions sought to be presented.

That part of the finding of the full board which is material to the decision of this appeal is as follows: "And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that one Louis Horvath died on September 14th, 1933; that the death of the said Louis Horvath was not due to any accidental injury arising out of or in the course of his employ-

ment for the defendant." The order of the board was in accordance with the above finding.

At the close of the appellant's testimony before the hearing member the appellee filed a motion before the member asking for a finding in its favor. It is one of the main contentions of the appellant that this motion had the same effect as a demurrer to the evidence and that it withdrew from the consideration of the hearing member all of the evidence favorable to the appellee and that therefore the full board did not have such favorable evidence before it for review and that by reason thereof the award of the full board is not sustained by sufficient evidence. The appellant cites no industrial board cases in support of her contention but does cite numerous cases in ordinary civil actions where the rule, no doubt, is as contended for by her. In our opinion such rule does not apply in Indiana to an Industrial Board case and we so hold. It is not within the letter or the spirit of the law.

The next main contention of the appellant is that the evidence is of such a conclusive character as to force a conclusion contrary to that of the board in its finding that "the death of the said Louis Horvath was not due to any accidental injury arising out of or in the course of his employment for the defendant." The rule is that where the board has examined the evidence and made its finding of facts and made an order based thereon that this court will not substitute its judgment for that of the board unless the evidence is of such a conclusive character as to force a conclusion contrary to that of the board, and we will not, in order to reach a contrary conclusion, weigh conflicting testimony. We have read the evidence carefully in the instant case. There was ample evidence from which the board could find that there was no accident. Such evidence was supported by the medical testimony of the

appellant's own doctors. We quote from the evidence of Dr. Andrew Hoffman as follows: "Question. Now, doctor, state what conclusion you arrived at as to how Louis Horvath came to his death. Answer: After having examined the body of Louis Horvath and hearing the evidence I did find that the deceased came to his death as the result of a natural cause. He became suddenly ill while working for the Town· of Highland, Indiana. A doctor was called and he was taken to Saint Margaret's Hospital where he died on September 14th, 1933, at 10:30 P. M." We cannot say that the evidence was of such a conclusive character as to force a conclusion contrary to that reached by the board. The award is sustained by sufficient evidence and is not contrary to law.

Award affirmed.